UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JESSICA GROB,

        Plaintiff,

    v.

WALGREENS BOOTS ALLIANCE, INC.,

        Defendant.

No. 23 CV 4265

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

Plaintiff Jessica Grob applied to work at Walgreens, but her background check returned ineligible because the credit reporting agency could not verify her social security number. Grob alleges that Walgreens adopted this determination and then sent her notice of her rights and the background report the next day. Grob had already begun working at Walgreens. The day after Walgreens sent Grob the notice, Grob's manager informed her that she was fired because of the background report. Grob brought this case alleging that Walgreens violated the Fair Credit Reporting Act when it adopted the credit reporting agency's ineligibility determination before it sent her the notice. Walgreens moves to dismiss.

I.    **Facts**

In May 2021, plaintiff Jessica Grob applied to work at a Walgreens store by completing an online application. [21] ¶¶ 29–30.[1] A store manager contacted Grob

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. When a document has numbered paragraphs, I cite to the paragraph, for example [1] ¶ 1. The facts are taken from Grob's first amended complaint, [21].

and told Grob she was eligible to work there. *Id.* ¶ 31. Grob met the manager on May 18, and the manager instructed her to return the next day to begin work. *Id.* ¶ 32.

Walgreens obtained and used consumer reports as part of its hiring process to make employment decisions. *Id.* ¶ 33. Grob provided her social security number and Walgreens ordered a background check on Grob from a credit reporting agency on May 18. *Id.* ¶¶ 34, 36. That same day, the reporting agency scored Grob "In-Eligible for Hire," as it was unable to "verify" her social security number. *Id.* ¶¶ 36–37. Grob alleges that those adjudication results were placed directly into Walgreens's applicant-tracking system without review, and Walgreens automatically decided to not hire Grob. *Id.* ¶¶ 38–41. After adopting these results, Walgreens sent Grob the background check and a summary of her rights under the FCRA on May 19. *Id.* ¶¶ 43–44.

Grob began working at Walgreens on May 19. *Id.* ¶ 43. The next day, Grob worked for approximately two hours when the manager took her aside and fired her based on the background report and Walgreens' prior determination that she was ineligible for hire. *Id.* ¶¶ 45–47.

Grob alleges that Walgreens violated the FCRA's requirement that employers provide a pre-adverse-action notice when making an employment determination based on a background report. [21]. Walgreens moves to dismiss. [23].

## II.  Analysis

When reviewing a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled allegations as true and draws all reasonable inferences in favor of the plaintiff. *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 881 (7th Cir. 2022). "To survive a

motion to dismiss, a plaintiff must plead 'only enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When considering a Rule 12(b)(6) motion, a court may typically only consider the plaintiff's complaint. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013). But a court may also consider "documents integral to the complaint that might aid in determining whether a plaintiff is entitled to relief." *Gociman*, 41 F.4th at 881.

Walgreens submits three exhibits to support its contention that Grob received a pre-adverse-action notice before the manager fired Grob. These exhibits include the background check disclosure form, the pre-adverse action notice sent to Grob on May 19, and the final adverse action notice sent on May 26. [24-1], Ex. A, B, C. Walgreens argues that these documents may be considered because Grob's complaint refers to them and they are central to her claims. [24] at 4 n.3.

But even though Grob's complaint refers to these documents, Grob does not contest, and her claim does not rely on, the documents' contents. Instead, Grob's claim is based on whether Walgreens sent her the pre-adverse-action notice before taking an adverse action against her. Thus, the exhibits are not integral to Grob's claim and I do not consider them here.

### A.    Section 1681b(b)(3)(A)

Grob claims that Walgreens violated 15 U.S.C. § 1681b(b)(3)(A) of the FCRA, which provides that:

3

> [I]n using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under [the FCRA].

The "FCRA obligates employers to produce a copy of the report before taking adverse action" to allow employees a "chance to review it and present [their] side of the story." *Robertson v. Allied Sols., LLC*, 902 F.3d 690, 699 (7th Cir. 2018).

The parties dispute what constituted Walgreens' adverse action against Grob. The FCRA defines "adverse action" as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

Walgreens argues that its adoption of the credit reporting agency's ineligibility determination cannot be considered an adverse action. [24] at 9–10. According to Walgreens, this eligibility decision was "preliminary," and Grob was able to begin working. *Id.* Therefore, the argument goes, the only adverse action was Grob's termination on May 20, after Walgreens sent the pre-adverse action notice the day before. *Id.* at 8–10 (citing *Ramos v. Genesis Healthcare, LLC*, 141 F.Supp.3d 341, 348 (E.D. Pa. 2015) (holding coding of employee as ineligible was only the formation of intent to take adverse action); *Costa v. Family Dollar Stores of Va., Inc.*, 195 F.Supp.3d 841 (E.D. Va. 2016) (same)).

But Grob's theory of her claim is that Walgreens' adoption of the credit reporting agency's ineligibility decision was adverse to her and not a mere note to

take some future action. *See* [21] ¶¶ 38–41, 45–48. Grob alleges that Walgreens "almost instantly" "adopt[ed]" that decision without review and that an "adjudication of 'Ineligible' result[ed] in an automatic denial of employment immediately upon the assignment of that grade by [the credit reporting agency]." [21] ¶¶ 39, 41, 48. Grob explains that she was able to start working at Walgreens due to a delay in communication, not because Walgreens' adoption of the determination was a preliminary decision. *See* [21] ¶ 48 (Grob's manager "was likely not aware of Walgreens's termination decision until immediately before" she fired Grob).

Taking Grob's allegations as true, there was nothing preliminary about her ineligibility. Although Walgreens let her work a shift, it had automatically deemed her ineligible—a decision that adversely affected her prospects, notwithstanding her short stint on the clock. Walgreens' wholesale adoption of the adjudication that Grob was ineligible for employment was a decision for employment purposes that adversely affected her as a prospective employee. *See, e.g., Rosario v. Starbucks Corp.*, No. C16-1951 RAJ, 2017 WL 4811493, at *4 (W.D. Wash. Oct. 25, 2017) (holding adoption of an ineligibility adjudication was an adverse action); *Moore v. Rite Aid Hdqtrs Corp.*, No. CIV.A. 13-1515, 2015 WL 3444227, at *5 (E.D. Pa. May 29, 2015) (same).

Grob alleges that Walgreens deemed her ineligible for hire on May 18, and that Walgreens did not send Grob the pre-adverse-action notice until May 19. [21] ¶¶ 36–38, 43–44. Thus, Grob had no time to initiate a challenge to the report and adjudication since Walgreens already deemed her ineligible and denied her employment.

At this stage, Grob has plausibly alleged that Walgreens' adoption of the credit reporting agency's adjudication was an adverse action within meaning of the FCRA, and Walgreens failed to send Grob a pre-adverse-action notice before Walgreens' determination as required by § 1681b(b)(3)(A).

## B. Damages under Section 1681n

Pursuant to 15 U.S.C. § 1681n, a defendant is liable for statutory and punitive damages if it willfully failed to comply with the requirements of the FCRA. When a violation is merely negligent, a plaintiff can only recover actual damages under § 1681o. *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1194–95 (7th Cir. 2021). In the present case, Grob seeks statutory and punitive damages and thus must demonstrate that Walgreens' alleged violation was willful. *See id.*

Under the FCRA, willful violations include both knowing and reckless violations. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57 (2007). A defendant "recklessly violates the FCRA when it commits 'a violation under a reasonable reading of the statute's terms,' and its erroneous reading '[runs] a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'" *Persinger*, 20 F.4th at 1195 (citing *Safeco*, 551 U.S. at 69). In other words, a "defendant's conduct is reckless only if it was 'objectively unreasonable' in light of 'legal rules that were clearly established at the time' [of the violation]." *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 249 (3d Cir. 2012) (quoting *Safeco*, 551 U.S. at 69–70). In determining whether a reading of the statute was objectively unreasonable, courts examine the text of the statute, case law that existed at the time of the alleged violation, and any agency interpretations. *See Safeco*, 551 U.S. at 69–70.

6

Walgreens contends that its reading of § 1681b(b)(3)(A) was not objectively unreasonable because, according to Walgreens, it did not take an adverse action against Grob before sending the pre-adverse-action notice and it gave Grob time to dispute the background report. [24] at 8–14. But as discussed above, the adverse action pled in the complaint was the eligibility decision made before Walgreens sent Grob notice. The FCRA explicitly provides that a decision adversely affecting employment prospects is an adverse action and that an employer may not take such action before providing applicants with the background report and summary of rights. 15 U.S.C. §§ 1681a(k)(1)(B)(ii); 1681b(b)(3)(A). Taking Grob's allegations as true, Walgreens's eligibility determination was an automatic rejection for employment and occurred before notice; this plausibly suggests objectively unreasonable conduct under the FCRA. Grob has adequately pled willfulness.

Walgreens requests that Grob's putative class definition be narrowed or that Grob be required to amend her complaint. [32] at 12 n. 5. Walgreens may be correct that Grob's class definition is overly broad. But Grob need not amend her complaint. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (holding that a plaintiff need not amend the complaint to redefine a proposed class—indeed a complaint need not even include a class definition). That said, Grob should keep in mind that pursuing a broad class as presently defined may present adequacy and commonality hurdles and should consider limiting the class in any motion for class certification.

## III.    Conclusion

Defendant's motion to dismiss, [23], is denied. Defendant must answer the complaint by May 8, 2024. By May 15, 2024, the parties shall file a joint status report with a proposed case schedule.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: April 24, 2024